**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| Monique McBride, individually and on behalf of all others similarly situated, <br> Plaintiff, <br> -v.- <br> Portfolio Recovery Associates, LLC, <br> Defendants. | C.A. No.: <br><br> **CLASS ACTION COMPLAINT** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Monique McBride, brings this Class Action Complaint by and through her attorneys, Garibian Law Offices, P.C., against the Defendant Portfolio Recovery Associates, LLC ("PRA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The FDCPA concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

1

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the FDCPA. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3.    The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5.    Plaintiff brings this class action on behalf of a class of Delaware consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6.    Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.    Plaintiff is a resident of the State of Delaware, County of Kent.

8.    Defendant PRA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service of process at c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

9.    Upon information and belief, Defendant PRA is a company that uses the mail and telephone and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## **CLASS ALLEGATIONS**

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of Delaware;

    b. to whom the Defendant PRA sent a collection letter;

    c. attempting to collect a consumer debt;

    d. that has been reduced to judgment;

    e. without stating that interest is accruing on the judgment or that the interest is being waived;

    f. which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant(s) and all officers, members, partners, managers, directors and employees of the Defendant(s) and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violates 15 U.S.C. §§ 1692e and/or 1692f.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violates 15 U.S.C. §§ 1692e and/or 1692f.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits,

complex legal issues, and class actions. Neither the Plaintiff, nor counsel, have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth here.

20. Some time prior to February 4, 2022, Plaintiff allegedly incurred an obligation to non-party Comenity Capital Bank ("Comenity").

21. The obligation arose out of transactions incurred primarily for personal, family, or household purposes.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a (3).

23. The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. The alleged obligation was to a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. Upon information and belief, Comenity sold or assigned the allegedly defaulted debt which ultimately was purchased by or otherwise assigned to Defendant PRA.

26. Defendant PRA collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*March 3, 2022 Collection Letter*

27. On or about March 3, 2022, Defendant PRA sent the Plaintiff a collection letter regarding the alleged debt. *See* Letter ("Letter") attached as Exhibit A.

28. The Letter includes a table that states:

| Account Details | |
|---|---|
| Date: | 03/03/2022 |
| Account Number: | [redacted] |
| Seller: | SYNCHRONY BANK |
| Merchant: | PAYPAL |
| Original Creditor: | COMENITY CAPITAL BANK |
| Creditor to Whom Debt is Owed: | PORTFOLIO RECOVERY ASSOCIATES, LLC |
| Balance | $1,948.62 |

29. The body of the Letter states:

Portfolio Recovery Associates, LLC obtained a judgment against you on 02/04/2022.

This obligation has a balance of $1,948.62 and we remain interested in working with you to resolve this account.

You can take advantage of one of the offers below, or call us to discuss an alternative for resolving this judgment.

If you are experiencing significant financial hardship due to job loss or medical issues related to COVID-19 or any other hardships, contact us so we can work together.

> Listed below are three repayment plan options. You can save up to $583.62 off of the balance by resolving your obligation no later than 04/04/2022.

30. The Letter does not state that interest is accruing on the judgment.

31. The Letter does not state that interest is waived on the judgment.

32. Upon information and belief, Defendant knows that judgments generally accrue interest.

33. Pursuant to 6 Del. C § 2301(a), judgments in contract actions accrue interest.

34. Therefore, the "Balance" on this judgment that was entered on February 4, 2022 is increasing because of the accumulation of additional interest.

35. However, upon information and belief, the judgment was entered in the amount of $1,948.62.

36. Despite the fact that post-judgment interest accrues on judgments as a matter of law, Defendant PRA failed to note the same in any form including, but not limited to, failing to properly calculate the debt based on such interest accrual, failing to advise of the interest generally, and failing to advise that it would waive post-judgment interest if applicable.

37. If Defendant PRA is waiving statutory interest, the Letter must so state and its failure to do so was false, deceptive, misleading, and/or unfair.

38. Because of the Defendant's improper collection actions, Plaintiff was unable to properly respond to the Letter.

39. Defendant's failure to advise Plaintiff as to the status of the post-judgment interest prevented Plaintiff from knowing if the amount of her obligation is static or dynamic.

40. Plaintiff was not properly informed and therefore unable to properly evaluate the demand for payment and was similarly unable to properly manage this debt in connection with other obligations.

41. The Letter materially misled the Plaintiff because when faced with two equal-amount debts, one of which is getting bigger (dynamic) and one of which will never get bigger (static), Plaintiff would pay the dynamic debt first.

42. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct interest charge, is being misled as to the total owed, and cannot properly evaluate the demand for payment or how to address it.

43. Plaintiff was therefore unable to make payment on the debt.

44. Plaintiff also lost out on the opportunity to resolve the debt for less than the total amount due.

45. Because of the Defendant's improper collection actions, Plaintiff was prevented from taking certain actions she would have, or could have, otherwise taken had the Defendant PRA's Letter not contained false, deceptive, misleading, and/or unfair content.

46. Plaintiff was made uncertain as to the debt and the amount involved and how this implicates her alleged responsibilities for making payment thereon.

47. Plaintiff was concerned and misled by the Letter.

48. As a result of Defendant's conduct, Plaintiff was unable to evaluate her options concerning how to handle this debt.

49. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

50. Due to Plaintiff's reliance on the contents of Defendant PRA's deceptive letter, the funds that could have been used to pay all or part of the alleged debt were spent elsewhere.

51. In addition, Plaintiff has suffered emotional distress because of the Defendant's misrepresentations and omissions concerning the legal status of the debt.

52. Defendant's violations were knowing, willful, negligent, and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

53. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

54. Defendant's false, deceptive, misleading, and/or unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

55. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond or handle the Defendant's debt collection.

56. Defendant's actions led the Letter's recipient to suspect fraudulent intent by the debt collector.

57. Plaintiff was confused and misled to her detriment by the statements in the Letter, and relied on the contents of the Letter to her detriment.

58. Plaintiff would have pursued a different course of action were it not for the Defendant's violations of the FDCPA.

59. As a result of the Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

60. Plaintiff repeats the above allegations as if set forth here.

9

61. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

62. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

63. Defendant violated said section, as described above, by:

    a. Making a false and misleading representation in violation of §1692e(10); and

    b. Falsely representing the character, amount or legal status of the debt in violation of §1692e(2).

64. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

65. Plaintiff repeats the above allegations as if set forth here.

66. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

67. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

68. Defendant violated this section by unfairly failing to state that interest is accruing on the judgment or by failing to disclose interest waiver since the entry of judgment.

69. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f, et *seq*. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

70. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Monique McBride, individually and on behalf of all others similarly situated, demands judgment from Defendant PRA as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned attorneys, as Class Counsel;

b) Awarding the Plaintiff and the Class statutory damages;

c) Awarding the Plaintiff and the Class actual damages;

d) Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 19, 2022

**GARIBIAN LAW OFFICES, P.C.**

*s/ Antranig Garibian*
Antranig Garibian, Esq. (DE Bar No. 4962)
Brandywine Plaza East
1523 Concord Pike, Suite 400
Wilmington, DE 19803
(302) 722-6885
ag@garibianlaw.com
*Attorneys for Plaintiff*